IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 22-1415 (MN) ) |
| GOVERNOR JOHN CARNEY, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

At Wilmington, this 3rd day of November 2022:

1.  On October 26, 2022, James Arthur Biggins ("Biggins") filed a "petition for relief from conditions of confinement and motion for emergency injunctive relief pursuant to 28 U.S.C. § 2254." The filing, however, does not seek relief under § 2254. Rather, it alleges violations of Biggins's right to due process and equal protection, wrongful taking of property, and violation of the alleged right to work release. (D.I 1). Allegations of this type are brought pursuant to 28 U.S.C. § 1983. Biggins, an inmate, is housed at the Sussex Community Corrections Center in Georgetown, Delaware. He appears *pro se* and did not pay the filing fee or seek for leave to proceed *in forma pauperis*.

2.  The Prison Litigation Reform Act provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (*i.e.*, April 26, 1996) is counted when applying the "three strikes rule." *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the

prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

3. Biggins, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] *See Biggins v. Danberg*, Civ. No. 10-732-GMS (D. Del. Jan. 15, 2013) (dismissed as frivolous); *Biggins v. Seaton*, Civ. No. 10-1488-PJM (D. Md. June 11, 2010) (dismissed for failure to state a claim; *Biggins v. Markell*, Civ. No. 09-245-GMS (D. Del. Feb. 9, 2011) (dismissed as frivolous); *Biggins v. Campbell*, Civ. No. 99-872-GMS (D. Del. May 2, 2001) (dismissed as frivolous); *Biggins v. Withers*, Civ. No. 98-438-LON (D. Del. Oct. 22, 1998) (dismissed as frivolous). Therefore, Biggins may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). The Complaint does not allege imminent harm. Accordingly, Biggins is not excused from the restrictions under § 1915(g), and he may not proceed *in forma pauperis*.

THEREFORE, IT IS HEREBY ORDERED that:

1. Biggins is denied *in forma pauperis* status.

2. Biggins is given **thirty (30) days** from the date of this order to pay the $402.00 filing fee. If Biggins does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[1] Biggins is well aware of the three strikes rule and has made attempts in other cases to avoid payment of the filing fee.